UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:16-cr-0202-SEB-DLP |
| BRANDON D. LONG, | ) ) | - 01 |
| Defendant. | ) ) | |

### REPORT AND RECOMMENDATION

On August 4, 2022, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 11, 2022. Defendant Long appeared in person with his appointed counsel Sam Ansell. The government appeared by Jeremy Fugate, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Felecia Bain.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Long of his rights and provided him with a copy of the petition. Defendant Long orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Long admitted violation number 1, 2, 3, 4, & 5. [Docket No. 44.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation Number**   **Nature of Noncompliance**

1     **"You shall not use or possess any controlled substances prohibited by state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner."**

         On May 24, 2022, Mr. Long provided a urine sample that yielded positive for marijuana. On June 28, 2022, he provided a sample that yielded positive for marijuana and cocaine.

         As previously reported to the Court, Mr. Long tested positive for amphetamines on September 10, 2021. The sample was confirmed positive by the national laboratory for amphetamine and methamphetamine.

2.     **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

         Mr. Long failed to appear for scheduled drug screens on June 9, June 17, and July 7, 2022.

3.     **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.)."**

         Mr. Long failed to report for substance abuse treatment at Cornerstone Support Services LLC, on May 24, June 9, June 16, and July 7, 2022.

4.     **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

         Mr. Long was instructed to report on June 10, 2022, to the U.S. Probation Office. However, he failed to appear for this meeting. Additionally, he has failed to provide updated contact information, return calls to this probation officer, and his whereabouts are currently unknown.

5.     **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."**

        Mr. Long was terminated from his employment at Renewing Management on May 31, 2022. He failed to report his termination at any time to this officer.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. The Government recommended a sentence within the Sentencing Guidelines Range of 18 months with no supervision to follow. Counsel for Defendant recommended a sentence of six (6) months with two (2) years Supervised Release to follow. In addition, Defense Counsel recommended six (6) months of placement in a residential reentry center following the term of imprisonment.

    The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and a day with two years of Supervised Release to follow. Upon release from the Bureau of Prisons, the Magistrate Judge also recommends that the Defendant reside in a residential reentry center for a term up to 180 days. At the residential reentry center, the Defendant shall abide by the rules and regulations of the facility. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 8/5/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system